1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASTON WHITEHEAD, individually and on
behalf of the general public as an aggrieved
employee under the Private Attorneys General
Act,

        Plaintiff,

  v.

PACIFICA SENIOR LIVING MANAGEMENT,
LLC and PACIFICA OAKLAND LLC,

        Defendants.

_____/

No. C 18-01767 JSW

**ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION FOR
SANCTIONS**

Now before the Court is the motion to dismiss the first amended complaint filed by

Defendants Pacifica Senior Living Management, LLC and Pacifica Oakland, LLC (collectively,

Defendants") and the motion for Rule 11 sanctions also filed by Defendants. Pursuant to Civil Local

Rule 7-1(b), the Court finds that the motions which have been noticed for hearing on Friday, June 7,

2019 at 9:00 a.m., are appropriate for decision without oral argument. Accordingly, the hearing date

is hereby VACATED. The Court has considered the parties' papers, relevant legal authority, and

the record in this case, and is HEREBY GRANTS Defendants' motion to dismiss portions of the

first amended complaint without leave to amend and DENIES Defendants' motion for sanctions.

## BACKGROUND

In her first amended complaint, Plaintiff Aston Whitehead ("Plaintiff") asserts claims for

relief for: (1) retaliation; (2) discrimination on the basis of sex; (3) disability discrimination in

violation of 42 U.S.C. section 12101 *et seq.*; (4) discrimination based on pregnancy in violation of

42 U.S.C. section 2000(e)(k); (5) discrimination on the basis of sex in violation of California Government Code section 12940(a); (6) retaliation in violation of California Government Code section 12940(h); (7) failure to prevent discrimination and retaliation in the workplace; (8) failure to accommodate in violation of California Government Code section 12940(m); (9) disability discrimination in violation of California Government Code section 12940(a); (10) pregnancy discrimination in violation of California Government Code section 12945; (11) wrongful discharge in violation of public policy; (12) failure to furnish complete and accurate itemized wage statements; (13) failure to pay all wages upon termination; (14) violation of California Labor Code section 227.3; (15) failure to provide documents signed by employee in violation of California Labor Code section 432; (16) failure to provide personnel records in violation of California Labor Code section 1198.5; (17) failure to provide wage statement in violation of California Labor Code section 226(b) and (c); and (18) violation of California Business and Professions Code section 17200 *et seq.*

Much of Plaintiff's amended complaint reiterates the facts and allegations of the original complaint which are detailed in the Court's order granting Defendants' original motion to dismiss with leave to amend. (Dkt. No. 40; Order dated January 3, 2019 at 2-3.) To the extent there are additional relevant facts, the Court shall address them in the remainder of this order.

## ANALYSIS

**A.      Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**B.      Retaliation Claims.**

In her amended complaint, Plaintiff again alleges her first and sixth claims for relief for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and under California's Fair Employment and Housing Act ("FEHA"). The factual allegations in the complaint, however, contradict her claims. Plaintiff again fails to make out a claim for retaliation under either federal or state law as, according to the allegations in her amended complaint, Plaintiff did not engage in any protected activity and did not suffer an adverse employment action as a result of any protected activity. Under Title VII, a plaintiff must show that: "(1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). Similarly, under FEHA, "a plaintiff must prove he was engaged in protected activity; the employer took adverse employment

action against him; the protected activity was a motivating reason for the adverse action; and the employer's conduct caused harm to the plaintiff." *Lewis v. City of Benecia*, 224 Cal. App 4th 1519, 1533 (2014). Protected activities include opposing acts made unlawful by Title VII or FEHA, which consist of improper employment practices directed towards an employee. 42 U.S.C. § 2000e-3(a); Cal. Gov't Code § 12940(h). "[D]iscrimination by an employer against members of the general public is not a prohibited employment practice under the FEHA." *Dinslage v. City and County of San Francisco*, 5 Cal. App. 5th 368, 381 (2016).

Just as in her original complaint, Plaintiff again fails to show that she engaged in any protected activity. Plaintiff's reaction to a comment by her co-worker and her reporting her intention to file a complaint against the co-worker do not amount to protected activity and, regardless, happened after the employer's decision to accept Plaintiff's failure to appear at work as a resignation. Retaliation may only occur where the adverse employment action occurs after the employee's protected activity. *See, e.g., Villiarimo v. Aloha Island Air, Inc.*, 281 F. 3d 1054, 1065 (9 th Cir. 2002). Because, as pled, Plaintiff indicated her intention to file a complaint about her co-worker the day after Defendants indicated their intent to accept her resignation, Plaintiff cannot state a claim for retaliation as a matter of law. Accordingly, the Court GRANTS Defendants' motion to dismiss the first and sixth claims for relief. Because the Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state a claim for retaliation, the Court GRANTS the motion to dismiss the first and sixth claims for relief without leave to amend.

**C.     Claims of Sex, Pregnancy, or Disability Discrimination.**

Plaintiff's second claim for sex discrimination under Title VII, third and ninth claims for disability discrimination under FEHA or the Americans with Disabilities Act ("ADA"), or her fourth claim for pregnancy discrimination under Title VII again fails to state claims upon which relief can be granted. In order to state a claim for discrimination in connection with employment termination, a plaintiff must allege "meaningful detail suggesting the termination was because of [her protected class or status]." *Mayes v. Kaiser Foundation Hospitals*, 917 F. Supp. 2d 1074, 1079 (E.D. Cal. 2013). Although the Court must take Plaintiff's allegations as true at this procedural posture,

Plaintiff bears the burden of making factual allegations that are adequate to support the elements of the claims asserted.  Here, again, although admonished in the Court's first order granting Defendants' motion to dismiss, Plaintiff still fails to allege sufficient facts tending to establish the elements of her claim and render it "plausible on its face."  *Twombly*, 550 U.S. at 570.  Plaintiff again alleges that she was terminated as a result of failing to return to work before a personal dispute with another employee was satisfactorily resolved, not as a result of her gender or any perceived disability.  (*See* FAC ¶¶ 16-19.)  With regard to her treatment for pregnancy-related disability, Plaintiff alleges that, although delayed by two weeks, Defendant accommodated her requests that she be given time off and light duty.  (*See id.* at 11-14.)  There is no factual support for the necessary element of her claims tending to show that the termination of her employment was a result of any discriminatory animus.  There are no facts tending to show that the termination of Plaintiffs' employment was due to her gender or that male employees or non-pregnant employees were treated more favorably than she.  There are no facts to sustain the position that Plaintiff was terminated as a result of her gender or her pregnancy.  Rather, the first amended complaint clearly alleges that Plaintiff's employment ended after she refused to come back to work following an altercation with another employee.

Plaintiff indicates that the comment from the other employee which most disturbed her was using the word bitch, which is an indicia of sex discrimination.  *See, e.g., Passananti v. Cook County*, 689 F.3d 655, 665-66 (7th Cir 2012).  However, the co-worker who allegedly used this term was not a decision-maker and stray remarks not related to the decision-making process are not relevant to demonstrate the existence of a colorable claim of workplace discrimination.  *See, e.g., Beale v. GTE Cal.*, 999 F. Supp. 1312, 1320-21 (C.D. Cal. 1996).  The co-worker's remark is neither related to the decision to terminate Plaintiff nor was it uttered by her supervisor.  It is therefore not coupled with any adverse employment action and is not itself actionable evidence of discrimination.

Because Plaintiff has failed to establish any factual support tending to show that the termination of her employment was a result of any discriminatory animus, the Court again GRANTS Defendants' motion to dismiss the second claim for sex discrimination under Title VII, the third and ninth claims for disability discrimination under FEHA or the ADA, or the fourth claim for

1    pregnancy discrimination under Title VII.  Because the Court granted leave the last time it granted

2    Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state

3    these claims, the Court GRANTS the motion to dismiss the second, third, fourth, and ninth claims

4    for relief without leave to amend.[1]

5    **D.    Claim for Failure to Accommodate.**

6           In her eighth claim for relief, Plaintiff alleges that Defendants discriminated against her by

7    failing to accommodate her pregnancy-related complications.  To state a claim for pregnancy-related

8    discrimination based on failure to accommodate under FEHA, a plaintiff "must allege that (1) her

9    employer refused a reasonable accommodation (2) for a pregnancy-related condition (3) requested

10    by an employee affected by pregnancy (4) with the advice of her healthcare provider." *Gonzalez v.*

11    *Marriott International, Inc.*, 142 F. Supp. 3d 961, 969 (C.D. Cal. 2015).

12           However, in her amended complaint, Plaintiff alleges that when she made requests for

13    accommodation, Defendants granted the requests but delayed their implementation until she was

14    placed on light duty.  (FAC ¶¶ 12-14.)  To prevail on a claim for failure to prevent discrimination,

15    the plaintiff must establish that her employer refused to implement a reasonable accommodation.

16    Taking the facts as alleged in the light most favorable to Plaintiff, at worst, Defendants delayed the

17    implementation of her requested accommodations.  Such delay in insufficient to support a claim for

18    failure to accommodate.  *See, e.g., Alejandro v. ST Micro Electronics, Inc.*, 129 F. Supp. 3d 898, 912

19    (N.D. Cal. 2015).  In her opposition to the pending motion, Plaintiff contends that because she was

20    terminated merely two weeks after she was provided the accommodations, "it is entirely plausible

21    that Defendants terminated Plaintiff because Defendants did not want to accommodate Plaintiff."

22

23          [1]    Defendants additionally move to dismiss Plaintiff's seventh cause of action for failure to

24    prevent discrimination and retaliation in violation of FEHA.  Under the FEHA, it is an unlawful
employment practice "[f]or an employer . . . to fail to take all reasonable steps necessary to prevent

25    discrimination and harassment from occurring."  Cal. Gov't Code § 12940(k).  To prevail on a claim
under this provision, a plaintiff must show: "(1) plaintiff was subjected to discrimination, harassment

26    or retaliation; (2) defendant failed to take all reasonable steps to prevent discrimination, harassment or
retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Leland v. City*

27    *and County of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008).  Because, in this matter,
the Court has dismissed Plaintiff's claims for sex and disability discrimination, Plaintiff cannot satisfy

28    the first element of the claim to show that she was subjected to discrimination.  Accordingly, the Court
GRANTS Defendants' motion to dismiss the seventh claim for relief for failure to prevent
discrimination in violation of FEHA.

1  (Dkt. No. 46, Opp. Br. at 16-17.)  The Court is not persuaded by this argument.  Defendants had

2  instituted Plaintiff's pregnancy-related accommodation requests; the contention that Plaintiff was

3  terminated two weeks later because Defendants did not want to accommodate her is both

4  nonsensical and contrary to the factual allegations in the complaint regarding Plaintiff's failure to

5  appear for work pending resolution of an interpersonal dispute with a co-worker.

6      Accordingly, because Plaintiff cannot state a claim for failure to accommodate as a matter of

7  law, the Court GRANTS Defendants' motion to dismiss the eighth claim for relief.  Because the

8  Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is

9  unable to remedy her allegations to state a claim, the Court GRANTS the motion to dismiss the

10  eighth claim for relief without leave to amend.

11  **E.    Claim for Wrongful Discharge in Violation of Public Policy and Violation of California Business and Professions Code Section 17200.**

12      To state a claim for wrongful termination in violation of public policy, a plaintiff must allege

13  "(1) the existence of a public policy and (2) a nexus between the public policy and an employee's

14  termination."  *Department of Fair Employment and Housing v. Lucent Technologies, Inc.*, 642 F.3d

15  728, 749 (9th Cir. 2011).  Where the underlying bases for wrongful termination fail, the claim

16  premised upon violation of public policy also necessarily fails.  *Id.*  Here, as the Court has dismissed

17  the underlying causes of action, the Court also GRANTS Defendants' motion to dismiss the claim

18  for wrongful termination in violation of public policy.

19      The same logic applies to a claim for violation of California Business and Professions Code

20  Section 17200 ("Section 17200").  Plaintiff's eighteenth cause of action alleges that Defendants

21  engaged in conduct that violated Section 17200, which prohibits activities of unfair competition,

22  including "any unlawful . . . business act or practice and unfair, deceptive, untrue or misleading

23  advertising."  Cal. Bus. & Prof. Code § 17200.   "A plaintiff alleging unfair business practices under

24  these statutes must state with reasonable particularity the facts supporting the statutory elements of

25  the violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Because

26  Plaintiff's claim for violation of Section 17200 is derivative of her claims for relief for

27  discrimination, and as the Court has dismissed Plaintiff's claims for discrimination without leave to

28

amend, the Court GRANTS Defendants' motion to dismiss the claim for violation of Section 17200 claim as well.

**F.      Claim for Failure to Furnish Accurate Wage Statements.**

As her twelfth claim for relief, Plaintiff alleges that Defendants violated California Labor Code Section 226(a) by failing to provide complete and accurate itemized wage statements.  In order to state such a claim, Plaintiff must allege that the violation of Section 226(a) was knowing and intentional and resulted in injury.  *See Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116, 1129 (N.D. Cal. 2014).  "[F]ailure to furnish an employee with an accurate wage statement is not a strict liability offense."  *Cleveland v. Groceryworks.com LLC*, 200 F. Supp. 3d 924, 925 (N.D. Cal. 2016) (holding that "[s]imply demonstrating a violatin of 226(a) does not show 'knowing and intentional' conduct.").

Just as in Plaintiff's original complaint, the amended complaint does not allege any facts tending to show that Defendants knowingly and intentionally failed to furnish complete and accurate wage statements.  In fact, the twelfth claim is identical to the original complaint for the same claim, indicating that Plaintiff has failed to remedy the deficiencies noted by the Court in its original order.

In addition, in order to recover damages under Section 226(a), an employee must suffer an injury as we result of the knowing and intentional failure to comply with the statute.  Deprivation of specific information is insufficient as a matter of law to serve as a cognizable injury.  *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1137 (2011).  Again, the Court's original order dismissing this claim with leave to amend admonished Plaintiff that failure to allege injury was fatal to her claim.

Accordingly, because Plaintiff has not stated a claim for violation of California Labor Code Section 226(a), the Court GRANTS Defendants' motion to dismiss the twelfth claim for relief. Because the Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state a claim, the Court GRANTS the motion to dismiss the twelfth claim for relief without leave to amend.

**G.      Claim for Failure to Pay Vacation Wages Upon Termination.**

In her fourteenth claim for relief, Plaintiff alleges that Defendants failed to pay vested vacation time in violation of California Labor Code Section 227.3.  Under California law, an employer is not required to provide vacation pay, however, "if an employer chooses to include paid vacation as a portion of the employee's compensation, the employer is not free to reclaim it after it has been earned."  *Minnick v. Automotive Creations, Inc.*, 13 Cal. App. 5th 1000, 1005 (2017). Here, because again Plaintiff fails to allege facts regarding Defendants' vacation policy or terms of her employment contract providing for paid vacation time, or facts regarding whether she accrued vacation time, Plaintiff cannot maintain a claim under Section 227.3.  *See, e.g., Suarez v. Bank of American Corp.*, 2018 WL 2431473, at *8 (N.D. Cal. 2018) (holding that in order to state a claim for violation of Section 227.3, a plaintiff must specifically allege that she as entitled to such wages). Here, just as in her original complaint, Plaintiff fails to allege any facts indicating that Defendants' policy or contract terms provided for paid vacation.  Plaintiff has failed to cure the defects in her pleading.

Because Plaintiff has not stated a claim for violation of California Labor Code Section 227.3, the Court GRANTS Defendants' motion to dismiss the fourteenth claim for relief.  Because the Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state a claim, the Court GRANTS the motion to dismiss the fourteenth claim for relief without leave to amend.

**H.      Plaintiff's Claim for Punitive Damages.**

To state a claim for punitive damages, Plaintiff must allege facts tending to show that Defendants acted with oppression, fraud, or malice.  Here, Plaintiff again merely asserts, in generic terms and without detailed facts, that her first, second, fifth, sixth, seventh, and eleventh claims for relief were committed "with oppression, fraud, malice and in conscious disregard of Plaintiff's rights."  (*See* FAC ¶¶ 44, 52, 75, 81, 88, 119.)  In her third, fourth, eighth, ninth, and tenth claims for relief, Plaintiff also concludes that "Defendants and/or managing agents/employees of Defendants act[ed] in an oppressive, fraudulent, and malicious manner to injure or damage Plaintiff" without any specific facts supporting such purported conduct.  (*Id.* at ¶¶ 60, 67, 94, 101, 110.)  In its

previous order, the Court found these allegations insufficient to support Plaintiff's claim for punitive damages.  (Dkt. No. 40 at 11.)  Because the Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state a claim for punitive damages, the Court GRANTS the motion to dismiss the prayer for punitive damages without leave to amend.

## I.   Plaintiff's Claim for Declaratory Relief and Damages for Pain and Suffering.

Lastly, in her prayer for relief, Plaintiff specifically asks the Court to "[g]rant a declaratory judgment that Defendants violated the laws of the United States and the State of California."  (FAC at 28.)  A party seeking declaratory relief must demonstrate that there is an actual controversy regarding a matter within the court's subject matter jurisdiction.  *MedImmune, Inc. v. Genentech*, 549 U.S. 118, 127-28 (2007).  Such plaintiffs must be able to show that they face a "continuous, remediable harm that concretely affects their existing interests."  *Feldman v. Bomar*, 518 F.3d 637, 643 (9th Cir. 2008) (internal citations omitted).  Considering that Plaintiff is no longer employed by Defendants, there is ongoing controversy that might warrant declaratory relief.  Because the Court granted leave the last time it granted Defendants' motion to dismiss and it appears Plaintiff is unable to remedy her allegations to state a claim for declaratory relief, the Court GRANTS the motion to dismiss the declaratory relief claim without leave to amend.

Also in her prayer for relief, Plaintiff seeks damages for emotional pain and suffering, but she again fails to allege any facts about emotional pain or suffering that she purportedly endured as a result of any alleged unlawful conduct by Defendants.  Accordingly, this claim for relief is likewise dismissed.

## J.   Defendants' Motion for Rule 11 Sanctions.

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

[b]y presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

United States District Court
For the Northern District of California

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact', has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). This test is objective. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Thus, "if an independent examination reveals 'some credible evidence' in support of a party's statements," a court can conclude a claim is well grounded in fact. *Himaka v. Buddhist Churches of America*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)). In contrast, an action is "not 'warranted by law' where no 'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing *Zaldivar*, 780 F.2d at 829, 833). This Court may make a finding of improper purpose after conducting its own review of the facts and the law, and "[w]here there is no legal or factual basis for a claim, improper purpose may be deduced." *Id.*

Finally, sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions may include an award for "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* In tailoring sanctions, the court can consider the offending party's ability to pay the sanction. *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986); *see also* Fed. R. Civ. P. 11 advisory committee's notes ("The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case").

Defendants' primary argument in support of their motion for sanctions is that Plaintiff's arguments in support of her opposition were made and rejected by the Court in the first round of Defendants' motion to dismiss the initial complaint. Defendants contend that Plaintiff's counsel, when given the opportunity to withdraw arguments found previously to be unpersuasive, failed to withdraw those arguments. Plaintiff's counsel contends that the Court's prior decision could be reconsidered and "its earlier determinations are not law of the case and Plaintiff is obligated to

attempt to convince the Court to reassess its decision." (Dkt. No. 50, Opp. Br. at 5-6.) The Court's previous order remains well-reasoned and will not be reconsidered in light of the Plaintiff's reassertion of the same unpersuasive arguments. However, the Court does not find the conduct of counsel to merit sanctions under Rule 11. Accordingly, Defendants' motion for Rule 11 sanctions in DENIED. Counsel are, however, admonished that, absent a motion for reconsideration, the rulings of this Court remain law of the case.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss portions of the first amended compliant without leave to amend and DENIES Defendants' motion for sanctions.

**IT IS SO ORDERED.**

Dated: June 5, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

12